IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ABEL SEGUNDO CARDENAS,<br>    ID # 86142-298,<br>        Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | §<br>§<br>§<br>§  No. 3:22-CV-1242-M-BT<br>§  No. 3:19-CR-373-M(1)<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Based on the relevant filings and applicable law, the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on June 7, 2022 (doc. 1), is **DENIED** with prejudice.

**I.    BACKGROUND**

Abel Segundo Cardenas (Movant) challenges his federal conviction and sentence in Cause No. 3:19-CR-373-M(1). The respondent is the United States of America (Government).

**A.    Conviction and Sentencing**

After first being charged by complaint and indictment, Movant was charged by superseding information with one count of conspiracy to possess with intent to distribute a controlled substance (Count One), one count of possession with intent to distribute a controlled substance (Count Two), and one count of being an illegal alien in possession of a firearm (Count Three). (*See* docs. 1, 22, 45.)[1] He pled guilty to all three counts of the superseding information under a plea agreement. (*See* docs. 48, 59.)

In his plea agreement, Movant agreed that he understood the nature and elements of the

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:19-CR-373-M(1).

crimes to which he was pleading guilty, and that the factual resume he signed was true and would be submitted as evidence. (*See* doc. 48 at 1-2.) The plea agreement set out the minimum and maximum penalties for each count; it stated that Movant had reviewed the federal sentencing guidelines with counsel and he understood his sentence would be imposed by the court after consideration of the sentencing guidelines, which were advisory and not binding, and no one could predict with certainty the outcome of the court's consideration of the guidelines. (*See id.* at 2-5.) He understood that the court had sole discretion to impose the sentence, and he waived his right to appeal and to challenge his conviction or sentence in a collateral proceeding except in the limited circumstances set forth in the plea agreement. (*See id.* at 5, 7-8.) He agreed the guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those included in the plea agreement; there were no guarantees or promises from anyone about what sentence the court would impose. (*See id.* at 7.)

At his rearraignment hearing on June 18, 2020, Movant, through an interpreter placed under oath to translate the proceedings for him, affirmed under oath that the plea documents in the case were fully translated for him before he signed them, he fully understood everything stated in them, and he fully discussed them with counsel. (*See* doc. 107 at 4, 16-17, 23-24.) He affirmed that he understood and had committed each of the essential elements of each count and that the facts stated in his factual resume were true and correct. (*See id.* at 14-16, 23-24.) He also affirmed he had discussed with counsel how the sentencing guidelines might apply in his case, and he was advised the guidelines were only advisory; he understood he should not depend or rely on any statement or assurance by anyone as to what his sentence would be because only the court could make that decision after the United States Probation Office (USPO) prepared a presentence report (PSR). (*See id.* at 9-10.) He understood that the USPO was not limited to the facts stipulated by

2

the parties in the factual resume, and that the court could consider facts not included and disregard included facts. (*See id.* at 10.) He affirmed that all the terms of his agreement with the Government were set out in the plea agreement and that no one had made any other promise or assurance of any kind to him in order to get him to plead guilty. (*See id.* at 17, 20.) He acknowledged that by pleading guilty, he was facing a period of imprisonment not to exceed five years on Count One, not to exceed five years on Count Two, and not to exceed ten years on Count Three, for a combined total period of potential imprisonment of up to 20 years. (*See id.* at 21-23.) He pled guilty to Counts One, Two, and Three, and the court found that his guilty plea was knowing and voluntary. (*See id.* at 23-25; docs. 61, 69.)

The USPO prepared a PSR to calculate Movant's advisory guideline imprisonment range. (*See* doc. 75-1.) Based on a total offense level of 35 and a criminal history category of I, the PSR calculated a guideline imprisonment range of 168 to 210 months. (*See id.* at ¶ 78.) In objections to the PSR, Movant argued that he should not have received a four-level increase to his base offense level as to Count Three for firearms trafficking, requested concurrent sentences, and requested time credit against his sentence for the time spent in custody since his arrest. (*See* doc. 78.) In an addendum to the PSR, the USPO addressed Movant's objections and supported the PSR as written. (*See* doc. 79-1.) After hearing testimony and arguments at the sentencing hearing, the court overruled Movant's objection to the enhancement. (*See* doc. 99 at 25.)

By judgment dated October 8, 2020, the court sentenced Movant to a total aggregate sentence of 180 months' imprisonment, comprised of concurrent sentences of 60 months' imprisonment each on Count One and Count Two, and 120 months' imprisonment on Count Three, to run consecutively to the sentences for Count One and Count Two. (*See* doc. 83 at 1-2.) His sentence was to be followed by three years of supervised release. (*See id.* at 3.) On appeal, appellate

3

counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed as frivolous. (*See* docs. 123-24.) Movant did not file a petition for a writ of certiorari with the Supreme Court.

**B.      Substantive Claims**

Movant asserts the following grounds for relief:

(1) Movant did not understand consequences of plea[.] Movant was not told his guilty plea would result in a 120[-]month sentence for one photo of him with a gun;

(2) Ineffective assistance of two different court ordered lawyers for their failure to investigate the facts of my case and the failure to object to evidence not in my indictment or in my plea; and

(3) The 120[-]month sentence was not reasonable for 18 U.S.C. 922(g)(5) for one photo of a gun when movant expected 60 months or less[.]

(No. 3:22-CV-1242-M-BT, doc. 1 at 5.) The Government filed a response on August 8, 2022. (*See id.*, doc. 6.) Movant filed a reply on September 2, 2022. (*See id.*, doc. 7.) Because resolution of some grounds for relief may impact some of the remaining claims, they are considered in an order different than presented by Movant.

## II.      SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final

4

conviction, but only on issues of constitutional or jurisdictional magnitude.").

### III.    INEFFECTIVE ASSISTANCE OF COUNSEL

Movant contends that counsel rendered ineffective assistance. (*See* No. 3:22-CV-1242-M-BT, doc. 1 at 5.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have

5

been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

A. <u>**Sentence Exposure**</u>

Movant contends that counsel was ineffective based on his alleged representations regarding Movant's sentence exposure on Count Three.[2] (*See* No. 3:22-CV-1242-M-BT, doc. 1 at 5; *id.*, doc. 2 at 3.) He alleges that he was "repeatedly told he would be sentenced to 60 months for one gun, not 120 months," and complains that counsel "did not tell him pleading guilty to [Count Three] based on one photo would result in a maximum of 10 years." (*Id.*, doc. 2 at 3, 20; *see also id.*, doc. 2 at 15-16; *id.*, doc. 7 at 2-3.) He also alleges that when he signed the plea agreement, "a total of 120[-]month sentence (or less) was what he was expecting, for all three counts." (*Id.*, doc. 2 at 28.) Regarding Count Three, he posits that "if he knew 120 months was probable, he would have never signed a plea 'deal' to waive his appeal rights for a maximum sentence." (*Id.*, doc. 2 at 36; *see also id.*, doc. 2 at 20.)

Even assuming for purposes of this motion only that counsel rendered deficient performance in estimating and advising on Movant's sentence exposure for Count Three or for all three counts combined, as alleged, Movant must also show resulting prejudice under *Strickland*. When a movant

> adduce[s] no proof that he was promised or assured of a specific sentence, but, rather, that counsel gave him his "best estimate" of what sentence might be given if he pled guilty . . . [and when] [t]he plea agreement and the record of the change of plea hearing are replete with references to the fact that the District Court would make the determinations with respect to his sentence under the sentencing guidelines, that the District Court could decline to follow recommendations, and that no promises had been made with respect to the sentence that the District Court would impose[,]

the district court properly denies relief for lack of prejudice. *United States v. Ritter*, 93 F. App'x

---

[2] Throughout his habeas filings, Movant appears to challenge only his sentence of 120 months' imprisonment on Count Three.

6

402, 404-05 (3d Cir. 2004); *see also United States v. Mackay*, No. 3:04-CV-0413-D, 2007 WL 700895, at *26-27 (N.D. Tex. Mar. 6, 2007).

Here, Movant was advised through the plea documents and by the court in person that by pleading guilty, he was subjecting himself to a statutory maximum period of imprisonment of up to ten years on Count Three, and a total maximum period of imprisonment of up to 20 years for all three counts. (*See* doc. 48 at 2-4; doc. 107 at 21-23.) He also understood and was advised through the plea documents and at his rearraignment that his sentence would be imposed after the court's consideration of the advisory sentencing guidelines. (*See* doc. 48 at 4-5; doc. 107 at 9-11.) He affirmed under oath before the court that he had the plea documents fully translated for him and fully understood everything set forth in them. (*See* doc. 107 at 16-17, 23-24.) He swore in open court that he understood he should not depend or rely on any statement or assurance by anyone as to what his sentence would be because only the court could make that decision; he affirmed that all the terms of his agreement with the Government were set out in the written plea agreement and that no one had made any other promise or assurance of any kind to him to get him to plead guilty. (*See id.* at 9-10, 17, 20.)

Regardless of what counsel told him about his likely sentence, Movant cannot show resulting prejudice under *Strickland* because his plea documents and responses under oath to the court's questioning show that he was clearly informed about and understood his maximum sentence exposure of up to ten years' imprisonment on Count Three, and up to 20 years' imprisonment for all three counts, when he pled guilty under the plea agreement.

Additionally, to the extent he alleges he would not have pled guilty or agreed to the appeal waiver in his plea agreement if not for counsel's alleged representations about his sentence exposure, a court should not "upset a plea solely because of *post hoc* assertions from a defendant

7

about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017); *see also United States v. Guzman*, No. 19-10783, 2021 WL 4610124, at *3 (5th Cir. Oct. 6, 2021) (per curiam) (holding that the movant "must substantiate any preference to proceed to trial—if he had been properly advised on the sentence he was facing— with 'contemporaneous evidence,' not post hoc assertions."). Movant provides only conclusory and *post hoc* allegations of prejudice, which are insufficient to show a reasonable probability that the result of the proceedings would have been different, i.e., that he would have rejected the plea agreement and insisted on proceeding to trial absent counsel's alleged deficiencies. Because Movant has failed to satisfy his burden under *Strickland*, he is not entitled to § 2255 relief on this claim, and it is denied.[3]

**B.      Verbal Agreement**

Movant contends that counsel was ineffective "at the time of the plea agreement for not making the verbal five years for pleading guilty to § 922(g)(5) [Count Three] it [sic] in writing." (No. 3:22-CV-1242-M-BT, doc. 2 at 8; *see also id.*, doc. 2 at 9, 16, 18.)

Movant's claim is without merit. The plea agreement—which Movant swore to the court he had fully understood—expressly stated that the court could impose a period of imprisonment

---

[3] The Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though inconsistent with representations he made in court when entering his plea. A movant is entitled to an evidentiary hearing if he presents evidence of: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *Cervantes*, 132 F.3d at 1110 (citing *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989)). A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties. *Id.* When the movant's "showing is inconsistent with the bulk of his conduct or otherwise fails to meet his burden of proof in light of other evidence in the record," however, the court may dispense with his allegations without an evidentiary hearing. *Id.* Here, Movant has not provided evidence of the specific terms of any alleged promise, including where and when counsel made the promise that allegedly caused him to plead guilty, or identified any reliable eyewitness to the promise. He has accordingly failed to provide independent indicia of the merit of his claim. To the extent he argues that counsel promised he would receive a specific sentence, he has not demonstrated entitlement to an evidentiary hearing or to relief on this basis. The claim is denied.

of not more than ten years on Count Three and that the sentence imposed was solely in the court's discretion after its consideration of the advisory sentencing guidelines; at his rearraignment, Movant acknowledged his understanding that he was facing a sentence of imprisonment of up to ten years on Count Three. (doc. 48 at 3-5; doc. 107 at 16-17, 22-23.) He also agreed in the plea agreement and under oath before the court that the written plea agreement was a complete statement of the parties' agreement, and other than the written plea agreement, no promises, representations, or assurances had been made to him to get him to plead guilty. (*See* doc. 48 at 7, 9; doc. 107 at 17, 20.)

Movant's conclusory allegations to the contrary are unsupported and refuted by the record. As such, they are insufficient to show the existence of any verbal agreement between the parties to a sentence of five years' imprisonment on Count Three and that counsel rendered deficient performance regarding same.[4] *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). His unsubstantiated conclusory allegations also fail to demonstrate *Strickland* prejudice. Because Movant failed to satisfy both *Strickland* prongs, he is not entitled to § 2255 relief on this claim. The claim is denied.

---

[4] Beyond his failure to show the existence of any oral agreement, Movant provides no facts or evidence to show that the Government was willing to negotiate and would have agreed to limit his sentence exposure to five years' imprisonment on Count Three, or that the court would have approved such a limitation. Accordingly, to the extent Movant's allegations can be liberally construed to allege that counsel was deficient for not reaching such an agreement with the Government, he fails to show resulting prejudice under the second prong of *Strickland*. The claim is therefore denied on this additional basis.

C.     **Failure to Object**

Movant contends that his counsel rendered ineffective assistance "for the failure to object at sentencing to items not part of any charges, not part of plea," by which he appears to be referring to offense conduct set out in the PSR and testimony by an FBI agent at sentencing about his involvement in possessing and trafficking firearms and his cartel affiliations. (No. 3:22-CV-1242-M-BT, doc. 2 at 6; *see also id.*, doc. 1 at 5; *id.*, doc. 2 at 7-8, 10-14.)

Movant has not shown prejudice. According to the PSR, the FBI's underlying criminal investigation into Movant's drug and firearms trafficking involved information obtained from a confidential human source (CHS), controlled purchases of both drugs and firearms, and analyses of bank records. (*See* doc. 75-1 at ¶ 11.) The investigation determined that Movant negotiated a sale of two firearms in exchange for drugs with an MS-13 associate, authorized MS-13 associates to supervise the sale of weapons, and delivered two firearms to a CHS with a co-defendant, to whom the CHS paid money for the transaction; it also revealed an undated photo of Movant with three firearms and detailed controlled drug transactions involving Movant. (*See id.* at ¶¶ 12-20.) The PSR determined that Movant unlawfully possessed at least four firearms based on the firearms transactions and engaged in firearms trafficking with MS-13 members. (*See id.* at ¶¶ 21-22, 31-32.) At the sentencing hearing, an FBI agent further testified about evidence and information obtained during the criminal investigation regarding Movant's drug and firearms trafficking, particularly relating to Movant's affiliations with MS-13 and another cartel. (*See* doc. 99 at 6-20.)

For purposes of sentencing, "a district court may conduct an inquiry broad in scope, largely unlimited either as to the kind of information it may consider, or the source from which such information may come." *United States v. Robins*, 978 F.2d 881, 891 (5th Cir. 1992); *see also* U.S.S.G. § 6A1.3, cmt. (permitting courts to consider at sentencing "[a]ny information . . . so long

as it has sufficient indicia of reliability to support its probable accuracy."). A PSR "generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010) (citation and internal quotation marks omitted). Movant does not present any rebuttal evidence, aside from unsubstantiated allegations unsupported by the record, demonstrating that the information in the PSR was "materially untrue, inaccurate, or unreliable." *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999) (citation and internal quotation marks omitted). As such, he has not shown a reasonable probability that the result of the proceeding would have been different, i.e., his sentence would have been less harsh, had counsel objected further to the court's consideration of evidence and testimony outside the superseding information and plea documents.

Because his allegations fail to demonstrate *Strickland* prejudice, the performance prong need not be addressed. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). He is not entitled to § 2255 relief on this claim and it is denied.

D.   **Failure to Investigate**

Movant contends that counsel also rendered ineffective assistance because he failed to investigate or review various unrelated criminal cases where a defendant convicted under the same provision as Count Three received a lower sentence than Movant. (*See* No. 3:22-CV-1242-M-BT, doc. 2 at 23-33, 36.) He lists the various cases he claims counsel should have researched, identifies the sentence imposed and the offenses involved in each, and compares the respective sentences to Movant's sentence. (*See id.*) For the first time in reply, he also alleges counsel was ineffective for failing to investigate whether a photo of him with three firearms—referenced in both the PSR and at the sentencing hearing—was a product of entrapment. (*See id.*, doc. 7 at 4.)

He fails to provide any facts or evidence showing that his sentence would have been less

11

harsh had counsel presented the court with various unrelated cases across the country involving convictions under the same provision as Count Three in which the defendant received a sentence lower than that of Movant. Indeed, he fails to address or take into consideration any of the relevant facts, circumstances, evidence, or application of the sentencing factors under 18 U.S.C. § 3553(a) of any of his listed cases in comparison to Movant's circumstances.  Nor does he provide any facts or evidence beyond innuendo to show entrapment. Movant's conjecture and speculation that he would have received a lower sentence had counsel investigated as alleged are insufficient to show prejudice under the second prong of *Strickland*. *See, e.g.*, *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (holding that prejudice under *Strickland* requires a "'substantial,' not just 'conceivable,' likelihood of a different result.") (citing *Harrington v. Richter,* 562 U.S. 86, 112 (2011)); *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

Because Movant fails to demonstrate *Strickland* prejudice, he has not shown that § 2255 relief is warranted. *See Amos*, 61 F.3d at 348 (5th Cir. 1995).  The claim is denied.

### IV.     INVOLUNTARINESS OF GUILTY PLEA

Movant contends that he "did not understand consequences of plea" because he "was not told his guilty plea would result in a 120[-]month sentence for one photo of him with a gun." (No. 3:22-CV-1242-M-BT, doc. 1 at 5; *see also id.*, doc. 2 at 17-18.) Additionally, he "is challenging the voluntariness of the [appeal] waiver" based on the alleged ineffective assistance of counsel. (*Id.*, doc. 2 at 23.)

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002); *United States v. Hernandez*, 234 F.3d 252, 254-55 (5th Cir. 2000). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978)

(quoting *Brady v. United States*, 397 U.S. 742, 749 (1970)); *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea. . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

As discussed, Movant's plea documents, the court's questioning at his rearraignment, and his responses under oath demonstrate that at the time he pled guilty: the plea documents had been fully translated for him and he fully understood everything set forth in them; he knew he was subject to a maximum term of up to ten years' imprisonment on Count Three and up to 20 years' imprisonment for all three counts; he understood he should not depend or rely on any statement or assurance by anyone as to what his sentence would be because only the court could make that decision; the written plea agreement represented his entire agreement with the Government; and no one had made any other promise or assurance of any kind to him to get him to plead guilty. (*See* doc. 48 at 2-4, 7, 9; doc. 107 at 9-10, 16-17, 20-24.) He also acknowledged that he understood the appellate rights he was waiving under the plea agreement and affirmed his waiver of same. (*See* doc. 107 at 19-20.) With this knowledge and understanding, he went forward with his guilty plea.

13

Movant has failed to overcome the presumption of verity given to his sworn statements in open court, and the great evidentiary weight accorded to court records. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly). The contemporaneous plea documents and sworn statements in open court show that he was clearly informed about and understood his maximum sentence exposure and the appellate rights he was waiving when he pled guilty under the plea agreement, and they contradict his claim that his guilty plea or appeal waiver was not knowing and voluntary. To the extent his assertions rely on the merits of his claims of ineffective assistance of counsel, he has failed to show that he is entitled to relief on those grounds for the reasons discussed.[5] Accordingly, Movant has not shown that his guilty plea or appellate waiver was involuntary or that he was unaware of the consequences of pleading guilty. He is not entitled to relief on this claim, and it is denied.

## V.     REASONABLENESS OF SENTENCE

Movant also contends that the "120[-]month sentence was not reasonable for [Count Three] for one photo of a gun when movant expected 60 months or less[.]" (No. 3:22-CV-1242-M-BT, doc. 1 at 5.) To the extent this ground can be liberally construed to assert a claim challenging the

---

[5] In his brief, Movant alleges that the "constructive denial of counsel at sentencing, not subjecting the Government's case to strict adversarial testing . . . rendered the Movant's plea of guilty unvoluntary [sic], unknowing, and not intelligently rendered, language barrier? [sic]" (No. 3:22-CV-2142-M-BT, doc. 2 at 17.)  He appears to be invoking the presumed prejudice standard under *United States v. Cronic*, 466 U.S. 648 (1984), which is reserved for "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified," such as (1) a "complete denial of counsel . . . at a critical stage" of the criminal proceedings; (2) a complete failure of counsel "to subject the prosecution's case to meaningful adversarial testing"; and (3) "circumstances [that] made it so unlikely that any lawyer could provide effective assistance." *Id.* at 658-59, 661. Because Movant's counsel was actively involved in representing Movant at all stages of the criminal proceedings, he fails to show he was constructively denied counsel such that the *Cronic* standard should apply. His allegations regarding the representation of counsel are properly analyzed under the *Strickland* standard.

reasonableness of his sentence independent of his claims of ineffective assistance of counsel and involuntary plea or waiver, the claim is procedurally defaulted because he failed to raise it on direct appeal, and he has not shown "cause" for his procedural default and "actual prejudice" resulting from error, or established the existence of a fundamental miscarriage of justice, i.e., that he is actually innocent. *Shaid*, 937 F.2d at 232. Accordingly, the claim is denied as procedurally barred from consideration in this § 2255 action.

## VI. EVIDENTIARY HEARING

Movant seeks an evidentiary hearing before this court on his claims. (*See* No. 3:22-CV-1242-M-BT, doc. 2 at 22, 33-35.)   No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to come forward with independent indicia in support of the likely merit of his claims, he has failed to demonstrate he is entitled to an evidentiary hearing.

## VII. CONCLUSION

For the foregoing reasons, the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on June 7, 2022 (doc. 1), is **DENIED** with prejudice.

SO ORDERED.

SIGNED this 10th day of June, 2024.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE